IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY COMPANY** and **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ONE STATE FARM PLAZA BLOOMINGTON, IL  61710       Plaintiffs, <br><br> v. <br><br> **RAD POWER BIKES, INC.** 1128 NW 52ND STREET SEATTLE, WA  98107       Defendant. | CIVIL ACTION NO.: 2:22-cv-03941 |

## AMENDED COMPLAINT

Plaintiffs, State Farm Fire & Casualty Company and State Farm Mutual Automobile Insurance Company ("Plaintiffs"), by and through undersigned counsel, hereby demand judgment against Defendant, Rad Power Bikes, Inc. ("Defendant"), complaining against it as follows:

### PARTIES

1. Plaintiffs are Illinois corporations, both with their principal places of business at the above-captioned address.

2. At all relevant times, Plaintiffs were authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiffs provided – via in-force policies – homeowner and automobile insurance to Gerald Luff ("subrogor") in connection with his residential property at, as well as his automobiles kept at, 1071 Washington Avenue in Wycombe, Pennsylvania ("subject property").

4. As a result of claims made on said policies, Plaintiffs became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policies, including the claims asserted in this action.

5. Upon information and belief, Defendant is a Washington corporation with its principal place of business at the above-captioned address.

6. Upon further information and belief, Defendant was at all relevant times in the business of (*inter alia*) designing, manufacturing, selling, distributing, marketing, delivering, installing, and otherwise placing into the stream of commerce consumer products, including electronic bikes and related paraphernalia, including but not limited to the battery pack and its associated charger, at issue in this case ("the product").

## JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

8. Venue is proper in this district based on 28 U.S.C. §1391(b) in that the events giving rise to these claims occurred in this district.

## STATEMENT OF FACTS

9. Plaintiffs incorporate by reference the preceding averments as though set forth at length here.

10. Prior to May 30, 2022, subrogor purchased the product for use based at the subject property; the product had been designed, manufactured, assembled, distributed, marketed and/or sold by Defendant.

11. On or about May 30, 2022, the product malfunctioned and failed catastrophically; this resulted in a fire that caused substantial damage to the subject property and subrogor's automobiles.

12. As a direct and proximate result of Defendant's negligent, standard-non-compliant, and otherwise unlawful acts and/or omissions as described below, subrogor sustained the damages described herein in an amount in excess of $250,000.00.

## COUNT I – NEGLIGENCE

13. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were re-stated here.

14. Subrogor's damages were the direct and proximate result of the negligence of Defendant – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

    a. failing to exercise reasonable care by …

        i. failing to manufacture, assemble, sell, design, transport, distribute, install, and/or market a properly functioning product;

        ii. failing to properly inspect, assemble, install, and/or test the product and/or its component parts;

        iii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

        iv. failing to provide safe and adequate use and/or handling warnings or instructions with the product; and/or

        v. designing, manufacturing, marketing, distributing, installing, assembling, and/or selling the product when Defendant knew or should have known that it and/or its component parts would be inadequate for the reasons for which it was purchased.

    b. failing to adequately instruct, supervise, and/or train servants, employees, subcontractors, and/or agents as to the proper ways to perform the tasks set forth in subparagraph (a)(i.–v.);

    c.    failing to adequately warn subrogor and others of the dangers and hazardous conditions resulting from the (mis)conduct set forth in subparagraph (a)(i.–v.) above;

    d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a)(i.–v.) above;

    e.    failing to properly monitor the work of all agents, subcontractors, and/or employees during the performance of the tasks set forth in subparagraph (a)(i.–v.) above to ensure compliance with applicable safety procedures;

    f.    failing to retain competent, qualified and/or able subcontractors, agents, employees, and/or servants to perform the tasks set forth in subparagraph (a)(i.–v.) above;

    g.    failing to perform the tasks set forth in subparagraph (a)(i.–v.) above in conformity with the prevailing industry and governmental specifications and standards; and/or

    h.    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Defendant's manufacture and sale of the product.

15. As a direct and proximate result of such negligence, subrogor sustained and incurred damages, as well as the imposition of additional expenses and hardships, in an amount in excess of $250,000.00.

16. As described herein, Plaintiffs became subrogated to certain of subrogor's rights of recovery for said damages/expenses/hardships, and asserts them in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $250,000.00, plus costs incident to this suit, delay damages, and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT II – STRICT LIABILITY**

17. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were re-stated here.

18. Defendant is engaged, and at all relevant times was engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing, delivering, installing, marketing, and/or otherwise placing into the stream of commerce, *inter alia*, products such as the product.

19. Defendant designed, manufactured, marketed, distributed, tested, sold, and/or otherwise placed into the stream of commerce the product in a defective condition, unreasonably dangerous to consumers and others.

20. Defendant knew or should have known that the product would, and did, reach consumers without substantial change in the condition in which originally designed, manufactured, assembled, distributed, installed and sold.

21. The aforementioned defects consisted of:
    (a) design defects;
    (b) manufacturing defects;
    (c) component defects;
    (d) use and/or handling-instruction and/or warnings defects; and/or
    (e) a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe-use and safe-installation instructions.

22. As a direct and proximate result of such defects, subrogor sustained and incurred damage to his property, as well as the imposition of additional expenses and harms, in an amount in excess of $250,000.00.

23. For these reasons, Defendant is strictly liable to subrogor for the damages described herein under Section 402A of the Restatement (2d) of Torts, as well as the applicable statutory and case law of Pennsylvania.

24. As described herein, Plaintiffs became subrogated to certain of subrogor's rights of recovery for said damages/expenses/hardships, and asserts them in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $250,000.00, plus costs incident to this suit, delay damages, and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – BREACH OF IMPLIED WARRANTY

25. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were re-stated here.

26. At the time of distributing, installing and/or selling the product, Defendant had reason to know the particular purpose for which it would be used, and knew that its skill and judgment was being relied upon to furnish a suitable product.

27. Thus, Defendant breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code ("UCC") 13 Pa.C.S.A. §2-315 in that the product was not fit for the particular purpose for which such products are required.

28. In addition, Defendant breached the implied warranty of merchantability as set out in the UCC and 13 Pa.C.S.A. §2-314(c) in that the product was not fit for the ordinary uses for which such products are used.

29. Subrogor's damages occurred as a direct and proximate result of Defendant's breach of its implied warranties of fitness for a particular purpose and merchantability as set out in the UCC and 13 Pa.C.S.A. §2-315 and §2-314(c).

30. As described herein, Plaintiffs became subrogated to certain of subrogor's rights of recovery for said damages/expenses/hardships, and asserts them in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $250,000.00, plus costs incident to this suit, delay damages, and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

                                             **de LUCA LEVINE LLC**

                        BY:   *s/Daniel J. de Luca*
                                   **DANIEL J. de LUCA,**
                                   **ATTORNEYS FOR PLAINTIFFS**
                                   PA ATTORNEY I.D. NO.: 74727
                                   301 E. Germantown Pike, 3rd Floor
                                   East Norriton, PA  19401
                                   (215) 383-0081 (Phone)
                                   (215) 383-0082 (Fax)
                                   ddeluca@delucalevine.com

**Dated:** October 18, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY COMPANY** <br> **and** <br> **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** <br>         **Plaintiffs,** <br><br>    v. <br><br> **RAD POWER BIKES, INC.** <br>         **Defendant.** | **CIVIL ACTION NO.: 2:22-cv-03941** |

**CERTIFICATE OF SERVICE**

I, Daniel J. de Luca, hereby certify that a true and correct copy of Plaintiff's Amended Complaint was served on October 18, 2022, upon all counsel of record by ECF filing.

                                                                       BY:   */s/ Daniel J. de Luca*
                                                                            Daniel J. de Luca, Esquire
                                                                            Attorneys for Plaintiff
                                                                            PA74727
                                                                            301 East Germantown Pike, 3rd Floor
                                                                            East Norriton, PA 19401
                                                                            215-383-0081
                                                                            ddeluca@delucalevine.com

Dated: October 18, 2022